SIMPSON COUNTY v. FURLOW.

(Division A. May 4, 1931.)

[134 So. 146. No. 29437.]

A. M. Edwards and W. D. Hilton, both of Mendenhall, for appellant.

J. P. & A. K. Edwards, of Mendenhall, for appellee.

234

**McGowen, J.,** delivered the opinion of the court.

In a court of a justice of the peace, Furlow, the appellee, filed a written statement of his cause of action as follows:

"Simpson county, state of Mississippi, and the board of supervisors of said county.

"In account with E. Furlow.

For the killing of one horse in process of dipping ................................... $200.00
For the killing of one yearling in process ....... $ 10.00

———
210.00

"E. Furlow

By J. P. & A. K. Edwards, Attorneys."

Judgment upon which was entered for one hundred ten dollars. The case was submitted to a jury in the justice court, and, from the record, appears to be a single suit or cause of action.

It will be observed that the sum total of the items sued for is two hundred ten dollars, which is in excess of two hundred dollars. The county appealed to the circuit court, and there was a motion made to dismiss the case, because the justice of the peace was without jurisdiction. There is nothing in this record, nor in the account filed, to indicate that this is not a single cause of action. On the other hand, only one judgment was rendered for one hundred ten dollars on this cause of action. The court overruled the motion to dismiss the cause, thereby holding that the justice of the peace

had jurisdiction thereof. Thereafter counsel for appellee made a statement to the court as to some agreement between counsel, made at the date of the trial in the justice court, about trying two cases. There does not appear to be two cases, and in determining jurisdiction, in the absence of fraud, the pleadings filed showing the amount demanded in good faith, fixed the principal amount in controversy as contemplated by section 2071, Code 1930.

The justice of the peace had no jurisdiction of this cause, and the court below should have sustained the motion to dismiss the same without prejudice to the right of the appellee to bring another action. The case will be reversed, and judgment will be entered here dismissing said cause without prejudice.

Reversed, and judgment here for appellant dismissing this cause.